

# IN THE DISTRICT COURT FOR OKLAHOMA COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| (1) ESTHER EADS, as Special Administrator for the Estate of Travis Myers, deceased,<br><br>Plaintiff,<br><br>v.<br><br>(2) ARMOR CORRECTIONAL HEALTHCARE, INC.<br><br>(3) JOHN DOES 1-10,<br><br>Defendants. | Case No.: **CJ-2017-4620**<br><br>FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>AUG 1 4 2017<br><br>RICK WARREN<br>COURT CLERK<br>38_____ |

## PETITION

Plaintiff, Esther Eads, as Special Administrator for the Estate of Travis Myers, ("Estate") for her cause of action against the above-named Defendants, would state as follows:

1. Eads is a resident and citizen of the State of Oklahoma. She is the Court appointed Special Administrator for the Estate of Travis Myers as set forth in Oklahoma County District Court Case No. PB-2016-617.

2. Armor Correctional Healthcare, Inc. ("Armor") is a foreign for-profit corporation doing business in Oklahoma. At this time of the incident giving rise to

**EXHIBIT 1**

this Petition, Armor was the medical correctional vendor at the Oklahoma County Detention Center ("OCDC").

3. John Does 1-10 are individuals or entities responsible for providing adequate medical care to Plaintiff's decedent during the events giving rise to this Petition. Upon information and belief, these individuals and/or entities are residents of or incorporated in Oklahoma.

4. The events giving rise to this suit occurred in Oklahoma County making jurisdiction and venue proper.

5. Pursuant to Title 57, Plaintiff timely served a notice upon Armor within one year of the date of loss. No response to that notice was forthcoming, and more than 90 days have passed. Accordingly, this claim is timely filed pursuant to the claims presentation process within Title 57.

6. Agents and/or employees of Armor, acting within the scope of their employment, owed a duty of reasonable care to Plaintiff's decedent in the provision of care at the OCDC. Armor's employees breached that duty causing injuries and damages to the Estate for which Armor is liable.

7. Upon information and belief, John Does 1-10, acting within the scope of their employment, owed a duty of reasonable care to Plaintiff's decedent in the provision of care at the OCDC. John Does 1-10 breached that duty causing injuries and damages to the Estate for which John Does 1-10 are liable.

**WHEREFORE**, all premises considered, Plaintiff respectfully requests the Court enter judgment against the Defendants in an amount that exceeds $75,000.00.

Respectfully submitted,

BRYAN & TERRILL

By: *[signature]*

Steven J. Terrill, OBA # 20869
J. Spencer Bryan, OBA # 19419
BRYAN & TERRILL LAW, PLLC
9 East 4th St., Suite 307
Tulsa, OK 74103
Tele: (918) 935-2777
Fax: (918) 935-2778
Email: sjterrill@bryanterrill.com
Email: jsbryan@bryanterrill.com

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**